**UNITED STATES of America,
Appellee,**

v.

**Tebiah S. TUCKER, Christopher
McMillian, Defendants–
Appellants.**

**Nos. 04–1769–cr, 04–1800–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 29, 2008.

Randall D. Unger, Bayside, NY, for De-
fendant–Appellant Christopher McMillian.

Carl J. Herman, West Orange, NY, for
Defendant–Appellant Tebiah S. Tucker.

Kirby A. Heller, Attorney, Criminal Di-
vision, Appellate Section, U.S. Department
of Justice, (Glenn T. Suddaby, United
States Attorney, Northern District of New
York, on the brief, Miroslav Lovric, Assis-
tant United States Attorney, Northern
District of New York, of counsel), for the
United States.

PRESENT: AMALYA L. KEARSE,
PIERRE N. LEVAL and JOSÉ A.
CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Tebiah S. Tuck-
er and Christopher McMillian appeal from
a judgment of conviction entered against
them by the District Court after a jury
found them guilty of: narcotics conspiracy
in violation of 21 U.S.C. §§ 841, 846 (Count
One); murder while engaging in a drug
trafficking offense in violation of 21 U.S.C.
§ 848(e)(1)(A) (Count Two); RICO con-
spiracy in violation of 18 U.S.C. § 1962(d)
(Count Three); violent crimes in aid of
racketeering in violation of 18 U.S.C.
§ 1959 (Counts Four and Five); violating
18 U.S.C. § 924(c) by possessing and using
a firearm in furtherance of a drug traffick-
ing crime—namely, the narcotics conspira-
cy described in Count One of the indict-
ment (Counts Nine, Ten, Eleven and
Twelve); and being felons in possession of
a firearm in violation of 18 U.S.C. § 922
(Counts Fourteen and Fifteen). On ap-
peal, defendants seek judgments of acquit-
tal for various of their convictions[1] and a
remand for reconsideration of their sen-
tences pursuant to *United States v. Cros-
by*, 397 F.3d 103 (2d Cir.2005).[2] We as-

---

1. McMillian challenges the sufficiency of the
   evidence supporting his RICO convictions
   (counts 3, 4, 5) and the District Court's denial
   of his motion for a new trial based on juror
   misconduct. Tucker contends that alleged in-
   consistencies in the jury's original verdict
   form require the vacating of his convictions
   on counts 1, 2, and 3. Both defendants chal-
   lenge the sufficiency of evidence with respect
   to their convictions for narcotics conspiracy.

2. Tucker was sentenced principally to 240
   months' imprisonment on count 1 (narcotics
   conspiracy), life imprisonment on counts 2–5,
   7 years on counts 11 and 12, and 120 months
   on count 15. All terms were to run concur-
   rently, with the exception of the sentence im-
   posed on counts 11 and 12.

   McMillian was sentenced principally to 120
   months' imprisonment on count 1, life impris-
   onment on counts 2–5, 120 months on count

sume the parties' familiarity with the facts, the issues on appeal, and the procedural history of this case.

Defendants and the Government both contend that defendants' conviction on Count One of the indictment (conspiracy to distribute or possess with intent to distribute *fifty* or more grams of crack cocaine) is invalid because (1) the jury originally convicted both defendants of conspiracy to distribute or possess with intent to distribute *less than fifty* grams of crack cocaine,[3] and (2) the verdict memorialized in the judgment of conviction was obtained when the District Court incorrectly resubmitted the verdict form on count one to the jury after the jury returned its verdict, was polled, and discharged.

We need not decide whether the District Court erred because all parties request that the original verdict be reinstated. Accordingly, we remand this matter to the District Court in order that the District Court may (1) reinstate the jury's original verdict on count one and (2) reconsider defendants' sentences pursuant to *United States v. Crosby*.

We have considered defendants' remaining arguments and find them to be without merit. We therefore affirm their other convictions.

The mandate shall issue forthwith.

---

14, and 7 years on counts 9 and 10. All terms were to run concurrently, with the exception of the sentence imposed on counts 9 and 10.

**3.** McMillian was originally convicted of conspiracy to distribute or possess with intent to distribute *more than five but less than fifty grams* of crack cocaine. Tucker was originally convicted of conspiracy to distribute or possess with intent to distribute *more than zero but less than five grams* of crack cocaine.